IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON JOVANI BANKS,

                Plaintiff,                OPINION AND ORDER

    v.
                                                     24-cv-117-wmc

SUE DEHAAN, CARLO GAANAN,
MARLON HERMITANIO, and LOYDA LORIA,

                Defendants.

---

      Representing himself while incarcerated by the Wisconsin Department of Corrections ("DOC") at the Wisconsin Resource Center ("WRC"), plaintiff Leon Banks is proceeding on Eighth Amendment claims against defendants Sue Dehaan, Loyda Loria, Marlon Hermitanio, and Carlo Gaanan for being deliberately indifferent to his medical care needs resulting from his bilateral foot pain in the second half of 2023.[1]  (Dkt. #12.)  Defendants have since moved for summary judgment on exhaustion grounds, claiming that Banks did not timely appeal the dismissal of the only two inmate complaints he filed that are even arguably relevant to these claims.  (Dkt. #25.)  For the following reasons, defendants' motion for summary judgment will be granted.

BACKGROUND

      During the latter half of 2023, Banks claims that defendants Loria, Hermitanio, and Gaanan ignored his requests for medical care for foot pain while employed by DOC at WRC. On review of Banks' inmate complaint history (dkt. #27-1), defendants identified two

---

[1] In plaintiff's original complaint, he only named Doe defendants.  (Dkt. #1.)  In order to effectuate service and begin discovery to find the appropriate defendants, Director Sue Dehaan of WRC was originally added as a defendant by the court.  (Dkt. #14.)  Plaintiff then filed an amended complaint (dkt. #21), naming Loyda Loria, Marlon Hermitanio, and Carlo Gaanan as defendants, which the court adopts as the operative complaint in this action.

complaints potentially related to these claims -- WRC-2023-17588 and WRC-2024-2618.

*WRC-2023-17588* was received by WRC's Institution Complaint Examiner ("ICE") on November 22, 2023. That inmate complaint concerned the treatment Banks had received for pains in his feet; however, the ICE recommended dismissal after confirming that Banks was already receiving care for those pains from WRC staff. Then the Reviewing Authority ("RA") accepted the ICE's recommendation of dismissal on December 12, 2023. Next, on January 5, 2024, the Corrections Complaint Examiner ("CCE") received Banks' appeal of this dismissal, but recommended it be dismissed as untimely. Finally, the Office of the Secretary (OOS) accepted that recommendation on February 2, 2024.

*WRC-2024-2618* was received by ICE on February 16, 2024, which also focused on the treatment Banks had received for continuing pains in his feet. Once again, based on the extensive record of Banks visiting and receiving treatment regarding his feet, the ICE recommended dismissal of his inmate complaint. The RA agreed with that recommendation, dismissing the inmate complaint on March 24, 2024. However, Banks did not appeal.

OPINION

I.  **Exhaustion Requirements**

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow *all* of the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires that an inmate: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) files all necessary

appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). These mandatory exhaustion requirements are designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). To begin, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with ICE within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). A prisoner is also required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). ICE may then return a complaint if it does not satisfy the criteria found in § 310.07(1), (3), (4), or (5). Wis. Admin. Code § DOC 310.10(5). For example, the inmate complaint may only contain "one clearly identified issue" that the inmate seeks to raise. Wis. Admin. Code § DOC 310.07(5). Likewise, a "complaint must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6).

Similarly, exhaustion of all appeals is required "even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."). Specifically, if the inmate is dissatisfied with the result, he may file an appeal to the CCE within 14 days of the date of the decision on the inmate complaint or, if the inmate does not receive a decision, 45 days after the date the ICE enters the complaint. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3).

3

The CCE reviews the underlying decision and sends a recommendation to the OOS, whose decision is final.  Wis. Admin. Code §§ DOC 310.12(9), 310.13(2)-(3).

Finally, the Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809.  This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims.  *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999).  "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement.  *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).  Still a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove.  *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).  In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

II.     **Failure to Exhaust**

Here, defendants are entitled to summary judgment on plaintiff's claims because the only two inmate complaints that plaintiff filed even arguably relevant to his Eighth Amendment claims failed to meet essential ICRS requirements.  First, as to WRC-2023-17588, the RA dismissed his inmate complaint on December 12, 2024.  Under Wis. Admin. Code §§ DOC 310.09(1), plaintiff had 14 days to timely file an appeal to the CCE.  However, plaintiff's appeal was not received until January 5, 2025, nor did he provide good cause for his delay.  As a result, the OOS accepted the CCE's recommendation and rejected the appeal as untimely on February 2, 2024.  Second, with respect to WRC-2024-2618, the RA dismissed this inmate

4

complaint on March 24, 2024. Under Wis. Admin. Code §§ DOC 310.09(1), plaintiff had 14 days to timely file an appeal to the CCE. However, plaintiff failed to file any appeal. Accordingly, plaintiff failed to fully complete the exhaustion process for both of his relevant inmate complaints, the court must dismiss his claims. *Perez*, 182 F.3d at 535.

As for his first inmate complaint, plaintiff nevertheless argues that his appeal should have been accepted because his deteriorating mental health and slow mail during the holidays both prevented him from complying with grievance requirements. However, as for plaintiff's assertion that his mental health standing in the way of his crafting a timely appeal, the court is simply unpersuaded in light of the undisputed facts demonstrating that he managed to file numerous grievances and appeals on time over the past few years. *Jones v. Nelson*, No. 15-cv-831-bbc, 2017 WL 3142108 *5 (W.D. Wis. July 24, 2017) (finding same). There is also no dispute that, despite any slow mail concerns during this time period, plaintiff's appeal was not post marked until January 3, 2024 -- already four days beyond the applicable 14-day deadline -- and such failure is grounds for dismissal. *Pozo*, 286 F.3d at 1025.

As for his second complaint, plaintiff argues that he simply did not understand the need to continue to appeal a dismissed complaint when he eventually became satisfied with the treatment he was receiving. Given plaintiff's documented experience with this DOC's administrative complaint process *and* the short appeal deadlines, this assertion is also suspect on its face; but even if true, the quick turnaround essentially undermines any claim of deliberate indifference or at the very least would satisfy the goal of allowing DOC time to correct any arguable violation without a lawsuit. Regardless, as explained above, the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole*, 438 F.3d at 809, meaning that "[s]ubstantial compliance with administrative remedies" is insufficient to satisfy the exhaustion

5

requirement, *Farina*, 418 F. App'x at 543.  Thus, even though plaintiff was satisfied with his case, he was still free to appeal the dismissal of WRC-2024-2618, but did not.

Accordingly, this court must dismiss his claims against defendants.

## ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment on exhaustion grounds (dkt. #25) is GRANTED.

2) The Clerk of Court is directed to enter judgment consistent with this opinion and close this case.

Entered this 24th day of November, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge